IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH JOHNSTON, JR. #402674      *
    Petitioner,
v.                               *   CIVIL ACTION NO. JFM-17-1017

WARDEN RICKY FOXWELL             *
    Respondent.
                               *****

MEMORANDUM

On April 12, 2017, this petition for habeas corpus was received for filing from Ralph Johnston ("Johnston"), a Maryland inmate currently housed at the Eastern Correctional Institution ("ECI") in Westover, Maryland. Johnston seemingly claims that on January 4, 2017, while confined at the Southern Maryland Pre-Release Unit ("SMPRU") he was "arrested," transferred to the Brockbridge Correctional Facility, placed on administrative segregation for approximately 60 days, and then transferred to ECI. He contends he was not charged with an infraction or notified of the accusations leveled against him. ECF No. 1, p.8. He seeks return to SMPRU and to be afforded the "six months of time created owed" to him. *Id.*

Johnston seeks leave to proceed in forma pauperis (ECF No. 2), which shall be granted. When affording the petition and its exhibits a generous reading, it appears that DOC authorities conducted an investigation into an unspecified matter involving Johnston and other inmates, who in January of 2017, were subsequently transferred out of pre-release and placed in segregation. ECF No. 1-1, 1-2. Johnston is seeking his return to SMPRU and the award of diminution credits, lost when he was removed from the pre-release system. The award of the credits would go to the

execution of Johnston's sentence. Therefore, his action shall be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.[1]

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy*, 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 at 523.

---

[1] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh*, 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

An inmate in the custody of the Maryland Division of Correction ("DOC") who wishes to seek the award of diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq., to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office (AIGO@);

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

A review of the cause of action reveals that Johnston not exhausted the administrative remedy procedure process in the DOC. Further, both the cause of action and the state court docket

3

(Maryland Judiciary Case indices)[2] show that no habeas corpus petition was received for filing in the state court. Thus, Johnston has not exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U. S. at 490-91. The court declines to issue a certificate of appealability. A separate Order follows.

4/17/17

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 APR 17 PM 1:45
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

---

[2] *See* http://www.casesearch.courts.state.md.us/inquiry.